Frank S. Dunlap v. Commissioner.
Dunlap v. Commissioner
Docket No. 22367.
United States Tax Court
T.C. Memo 1954-75; 1954 Tax Ct. Memo LEXIS 167; 13 T.C.M. (CCH) 568; T.C.M. (RIA) 54181; June 25, 1954, Filed *167 Held, petitioner and his wife were partners for income tax purposes although the business was conducted in a manner designed to conceal the existence of the partnership in its business relationship with others. Clyde W. Key, Esq., 1408 Bank of Knoxville Building, Knoxville, Tenn., for the petitioner. S. Earl Heilman, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: Respondent has determined deficiencies in petitioner's income tax in the amounts of $21,444.77 for 1943, $18,121.93 for 1944, and $14,528.52 for 1945. The sole issue for decision is whether petitioner's wife was a partner for Federal income tax purposes in the business conducted under the name of Dunlap Trunk & Leather Shop during the years 1942, 1943, 1944, and 1945. Findings of Fact The stipulated facts are so found. Petitioner, Frank S. Dunlap, is a resident of Knox County, Tennessee. He filed his income tax returns for the taxable years involved with the collector of internal revenue for the district of Tennessee. Prior to October 5, 1929, petitioner and Miss Marguerite Steele (hereinafter referred to as Marguerite) were the only employees of Belber *168 Trunk & Bag Company's retail luggage store in Knoxville, Tennessee. Petitioner and Marguerite were not then related by blood or marriage. In 1929, O. A. Berman, a representative of Belber Trunk & Bag Company, went to Knoxville for the purpose of closing out the store in which petitioner and Marguerite were employed. After selling most of the stock of merchandise at retail, Berman discussed with petitioner and Marguerite the possibility of their purchasing the fixtures and the remaining merchandise. But Berman refused to sell to petitioner and Marguerite as a partnership. He said that he had never known of a single man and a single woman succeeding in a partnership venture and he thought that the business would have a better credit rating if petitioner purchased the business individually. Therefore, petitioner told Berman that he would purchase the business in his own name. Although the purchase was carried out on this basis, it was orally understood between petitioner and Marguerite that they were purchasing the business together as a partnership. No written partnership agreement was executed, however, until after the close of the taxable years involved. The business was purchased *169 on October 5, 1929, for $5,301. Petitioner and Marguerite each furnished $625 toward the $1,250 down payment. The remainder of the purchase price, represented by promissory notes, was paid out of the earnings of the business. The business was first known as "Dunlap Luggage Co." Later, but sometime prior to 1933, the name was changed to "Dunlap Trunk & Leather Shop." Outwardly, the business was operated in a manner designed to conceal the existence of the partnership. In dealings with the Bureau of Internal Revenue, the banks, suppliers, and customers, the business was represented as a sole proprietorship owned by petitioner. Prior to the time for filing income tax returns for the taxable year 1942, petitioner realized that he was greatly increasing his tax liability by failing to file on a partnership basis, and employed an accountant to aid in the preparation of proper income tax returns. Petitioner had less than a high school education and previously had not had competent tax advice. In the early 1930's Marguerite mentioned the existence of the partnership to a few close friends, and petitioner acknowledged its existence in his will under which his mother was the principal beneficiary. *170 Generally, and in all business relationships, the existence of the partnership was not disclosed. In 1940, when a representative of Dun & Bradstreet, Inc., asked petitioner if the business was a partnership, petitioner informed him that he and Marguerite were equal partners, but stated he would rather that this fact not be known. Initially, the existence of the partnership was concealed in order to induce Belber Trunk & Bag Company to accept promissory notes for a substantial portion of the purchase price of the business. Even after the notes were discharged, it was thought necessary to conceal the existence of the partnership as Belber Trunk & Bag Company continued to be one of the firm's principal suppliers and the credit of that company was still required. From the inception of the business in 1929 to the time of the hearing in the instant case, both petitioner and Marguerite have devoted their full time to the business. Marguerite has had charge of the small goods department of the business, which has accounted for more than half the gross volume of sales; petitioner has had charge of the heavy luggage department as well as the office. Marguerite hired virtually all of the clerks *171 in the store, did all of the purchasing for her department, and participated in important decisions relating to the business. Until 1942, petitioner and Marguerite were each permitted to withdraw $50 per week. Petitioner supported his mother and withdrew the full amount. Marguerite lived at home, and, not needing $50 per week for her support, often failed, during the depression years, to withdraw the full amount due her. She also loaned to the business a total of $1,300. An informal penciled record of the amounts Marguerite failed to withdraw or loaned to the business was maintained. In 1936 petitioner purchased a residence and withdrew $4,750 from the business for that purpose. On July 12, 1938, the various amounts that Marguerite had failed to withdraw, the amounts she had loaned to the business, and an amount equal to the $4,750 petitioner had withdrawn over and above the authorized $50 per week, were consolidated in a single note executed by petitioner on behalf of the firm, payable to Marguerite, in the amount of $10,000. The $10,000 was paid to Marguerite out of the earnings of the business. Petitioner and Marguerite were married on September 2, 1939. The marriage did not *172 affect the management or conduct of the business, and both petitioner and Marguerite continued to devote their full time to the business. Petitioner and Marguerite in 1929, in good faith and acting with a business purpose, intended to join together in the present conduct of the business later known as Dunlap Trunk & Leather Shop. Although married in 1939, petitioner and Marguerite continued to conduct the business in thise manner in the years 1942 to 1945, inclusive. In the taxable years 1942 to 1945, inclusive, petitioner and Marguerite each reported as his or her individual income one-half the net income of the business. Respondent determined that the entire net income of the business was taxable to petitioner. Opinion The sole question for decision is whether the alleged partnership between petitioner and Marguerite was real within the meaning of the Federal revenue laws. The answer to this question depends upon whether "* * * the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise." . Essentially this is a question of fact. In the instant case the *173 alleged partners are husband and wife. This in no way affects the determination as to whether or not there was a valid partnership for tax purposes, "* * * but is simply a warning that things may not be what they seem." It is petitioner's position that the partnership was formed in 1929 and continued to exist in the taxable years 1942 through 1945. He contends that his marriage to Marguerite in 1939 did not affect their business relationship. Respondent does not deny the latter contention, but argues that at all times the busines was a sole proprietorship and Marguerite was an employee of petitioner. Respondent relies primarily upon the fact that in all dealings with outsiders, including, until 1943, the Bureau of Internal Revenue, the business was represented as a sole proprietorship. While we agree that this is strong evidence that the parties did not intend to join together in the conduct of the business, it is not conclusive. Cf. ; . Despite the veneer of a sole proprietorship, each of the parties contributed an equal amount *174 of original capital, each participated in important management decisions, each managed a designated portion of the enterprise, and each devoted full time to the business. The alleged employee, Marguerite, loaned money to the business and did not withdraw the full $50 per week she was permitted, while the alleged owner, petitioner, withdrew the full amount. When petitioner withdrew a large sum from the business in order to purchase a residence, he gave a note to Marguerite covering the amount of the withdrawal. When pressed by a representative of Dun & Bradstreet, Inc., petitioner admitted the existence of the partnership. We find the above factors, and others set forth in the findings, wholly inconsistent with the existence of an employer-employee relationship. In our opinion petitioner has overcome the presumption raised by the factors relied upon by respondent and has successfully established that he and Marguerite in good faith and acting with a business purpose intended to join together in the conduct of the enterprise. Petitioner and Marguerite were partners for income tax purposes in the taxable years involved, and petitioner is taxable on only one-half the partnership income. *175 Decision will be entered under Rule 50. *
Footnotes
*. [Prior to official correction in an Order of the Tax Court dated August 10, this line read "Decision will be entered for the petitioner."]↩